THOMAS PRICE AND ANOTHER v. ELANOR PRICE.

Upon an issue, as to the amount of money in defendant's possession on the 3d of November, 1857, to one-third of which plaintiff was entitled, by an agreement of the parties, made upon a decree of divorce, evidence that the defendant had, at different periods, extending back to 1850, before he came to this State, certain sums of money, of comparatively inconsiderable amounts; and evidence of the number of hands he worked; that he was a good farmer; worked good land, made good crops, was prudent, economical, and not addicted to the spending of money; and what one of his neighbors made clear of expense, from his farm, during the two preceding years; without evidence that defendant had any money on hand at the time, or within any short time before, is manifestly too uncertain and indeterminate, to warrant a verdict for any amount.

APPEAL from Freestone. Tried below before Charles Stewart, Esq., appointed by the parties as special judge.

On the 9th of October, 1856, appellee brought a suit against appellant, Thomas Price, her husband, for a divorce and division of property. At the Fall Term, 1857, a verdict was rendered in her favor, and also ascertaining the amount of property, &c.; but before a judgment was entered upon this verdict, an agreement of the parties was filed, that the defendant in said case, Thomas Price, should return under oath a complete inventory of all his property, money, claims, &c., and that plaintiff should have absolute title to one-third thereof, to be set aside to her by two commissioners appointed by the court; that said commissioners should file their report, as soon as practicable; and that said defendant, Thomas Price, should deliver to said plaintiff, or agent, the property, or money and effects, set aside to her by the commissioners, as soon as the division should be made. Upon the verdict, and this agreement, a decree was rendered divorcing the parties, appointing commissioners to divide the property according to the agreement, and to report, subject to the future order of the court. On the third of November, 1857, Thomas Price returned an inventory of his property, consisting of some thirty-seven

negroes, land, stock, choses in action, *three dollars in money*, crop, household furniture, and farming utensils; and on the 5th of said month, the commissioners partitioned the same; the plaintiff's third amounting in value to $10,522 47, which was delivered to her.  On the 2d day of February, 1858, she filed her petition in the present case against said Thomas Price and George Roller, the appellants, charging, among other matters, that said Thomas Price had falsely and fraudulently returned in his said inventory, that he had only the sum of three dollars in money, when in fact he had the sum of fifteen thousand dollars in his possession, or under his control, at the time of rendering his said inventory; that the report of said commissioners had not been passed upon, or confirmed by the court, having been made since the last term of the court; that for the purpose of defrauding her, said defendants had combined together; and said Roller, with a full knowledge of all the facts, had purchased from said Thomas Price all of his property; and that he (Price) had left the country.  Defendants answered the petition, and there was a verdict and judgment for the plaintiff, for the sum of $3,067 66, as her third of the money, not returned in his inventory by the appellant, Price. Appellants asked for a new trial, on the ground that the verdict was contrary to and not supported by the evidence, which was refused by the court.   There were other matters embraced in the pleadings, and that arose in the progress of the case, to which it is unnecessary to refer, as they are not adverted to by the court.

The other facts are sufficiently apparent from the opinion.

*Barziza* and *Gould*, for appellants.

*S. C. Simmons*, for appellee.

WHEELER, CH. J.   The allegation, on which the recovery is based, is, that the defendant, Price, had in his possession, or under his control, at the time of rendering the inventory, on

the 3d of November, 1857, fifteen thousand dollars in money, of which he failed to render an account.

This allegation is sought to be supported, by evidence that the defendant was known to have had, on hand, certain sums of money, (not very considerable in amount at any one time, nor in the aggregate amounting to anything like the sum with which he is sought to be charged,) at different periods, extending back to the year 1850, and before his removal from Alabama to this State; and the further evidence of the number of hands he worked, that he was a good farmer, cultivated good land, made good crops, was prudent, economical, and not addicted to the spending of money, and what one of his neighbors, a witness, had made clear of expenses from his farm during the last two years: And upon evidence of this uncertain and indeterminate character, the jury returned a verdict for the plaintiff, for the sum of $3,067 66, thereby charging the defendant with having actually had on hand, three times that sum, on the 3d of November, 1857, without evidence that the defendant actually had any money on hand at that time, or within any short time before.

If a party is to be charged upon such evidence alone, it is not improbable that many farmers, who, like this defendant, have bought and improved wild lands in this country, might be charged, after the lapse of a few years, with having on hand large sums of money, when, if called on, they would testify that they had found it difficult to command actual cash enough to defray current expenses, and avoid going in debt. Possibly, some of the jurors, who tried this case, if they are farmers, would not be willing to be required to account for money on hand, to be ascertained by such a rule of computation as must have been adopted to arrive at their verdict in this case. The witness, on whose testimony the jury must have mainly relied, who, with fewer hands than the defendant worked, had made from his farm, clear of expenses, fifteen hundred dollars a year, for the last two years, was not asked, it seems, whether he had the three thousand dollars in cash on hand. His answer, to

Price v. Price.

such a question, might have suggested a doubt of the accuracy of this mode of arriving at the amount of money, which the defendant had on hand on the 3d of November. It is unnecessary to comment upon the evidence. If it were sufficient to warrant a verdict for $3,000, it is not perceived why it might not, just as well, have warranted a verdict for five or ten thousand, or any other amount within the range of probability, or even possibility, or conjecture. It manifestly was too uncertain and indeterminate, to warrant a verdict for any amount. The defendant was not required to render an account of the net proceeds of his farm, since he had resided in this State, but of the actual cash on hand, at the time of rendering the inventory. The question for the jury was, not what he might have made, or what his neighbors might suppose he ought to have made, and to have, but what he actually had in money at that time. Upon that question, the finding of the jury must have been wholly suppositious and conjectural; it manifestly was not warranted by any certain or sufficient evidence; and the court erred in refusing to grant a new trial. The plaintiff has so plainly failed to make out her case, upon the evidence, that it is not deemed necessary to consider any other question presented by the record. The judgment is reversed, and the cause remanded.

Reversed and remanded.